[Cite as *State v. Butler*, 2025-Ohio-3155.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025CA0004 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Coshocton County Court of Common Pleas, Case No. 2024 CR 0074 |
| LARRY J. BUTLER, JR., | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry:September 2, 2025 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Appellate Judges

**APPEARANCES:** BENJAMIN E. HALL, for Plaintiff-Appellee; TODD W. BARSTOW, for Defendant-Appellant.

OPINION

*Montgomery, J.*

**{¶1}**   This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by Attorney Todd Barstow, counsel for Appellant Larry J. Butler, Jr. (hereinafter "Butler") on March 14, 2025. An Entry stating that Butler was supplied with a copy of the *Anders* brief and his right to file a pro se brief was filed with the trial court on April 4, 2025.

**{¶2}**   Butler has not filed a pro se brief.

**{¶3}**   The State of Ohio filed a Merit Brief on June 23, 2025.

## STATEMENT OF THE FACTS AND THE CASE

{¶4} Coshocton County sheriff's deputies discovered Bulter asleep in the front seat of a parked car with 105.17 grams of methamphetamine in a baggie on his lap. Butler admitted that the drugs belonged to him and that they were for personal use.

{¶5} Butler was indicted by the Coshocton County Grand Jury on January 8, 2025, on the following counts:

Count One: Aggravated Trafficking in Drugs, R.C. 2925.03(A)(2), 2925.03(C)(1)(d), with a specification for the forfeiture of money in a drug case pursuant to R.C. 2941.1417(A). Butler was arraigned on August 5, 2024, was appointed counsel and entered a plea of not guilty to the charge contained in the indictment.

{¶6} An Amended Indictment was filed with the court on January 8, 2025, wherein the following counts were added:

Count Two: Possession of Cocaine, R.C. 2925.11(A), 2925.11(C)(4)(a); and

Count Three: Possession of a Fentanyl-Related Compound, R.C. 2925.11(A), 2925.11(C)(11)(a).

{¶7} On January 13, 2025, the State and Butler entered into a plea agreement wherein the State agreed to nolle Counts Two and Three and Butler signed a Plea of Guilty to an Amended Count One, Aggravated Possession of Drugs, R.C. 2925.11(A), R.C. 2925.11(C)(1)(c).

**{¶8}** The Court sentenced Butler to a mandatory indefinite sentence with a mandatory minimum term of six (6) years and a maximum term of nine (9) years, confinement in a State Penal Institution.

## STANDARD OF REVIEW

**{¶9}** The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders v. California*, 386 U.S. 738. In *Anders*, the U.S. Supreme Court found if counsel, after a conscientious examination of the case, finds his case to be wholly frivolous, he should so advise the court and request permission to withdraw. *Anders* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id.*

**{¶10}** The appellate court must conduct a full examination of the proceedings and decide if the appeal is indeed wholly frivolous. *Id.* If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *Id.*

### Proposed Potential Assignment of Error

**{¶11}** "I. THE TRIAL COURT ERRED IN ACCEPTING BUTLER'S GUILTY PLEA PURSUANT TO CRIMINAL RULE 11 AND ERRED IN SENTENCING BUTLER."

## ANALYSIS

**{¶12}** Criminal Rule 11 governs pleas and rights of defendants during a sentencing. Crim.R. 11(C)(2) states:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a)     Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b)     Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)     Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶13} This Court has reviewed the trial transcript and finds that during the sentencing hearing Butler stated that he was advised of his constitutional rights. *Trial Transcript*, p. 6.

{¶14} Butler was also advised that he would receive an indefinite prison term of 2, 3, 4, 5, 6, 7, or 8 years and then add 50 percent to whatever number it selects to create

a maximum term. *Id.* Bulter was informed that the imposition of a prison term was mandatory and that there would be a period of supervision by the Adult Parole Authority following release from incarceration. *Id.*, p. 7.

{¶15} After being informed of his possible prison term, the following exchange took place between the judge and Butler:

Court: [d]o you have any questions at this point, Mr. Butler, about either the nature of the charge contained in Amended Count 1 or the penalties that apply to that offense?

Butler: No, sir.

Court: Do you then at this time wish to voluntarily plead guilty to that single count of aggravated possession of drugs, a felony of the second degree?

Butler: Yes, your honor.

*Id.*, p. 10.

{¶16} The court then requested that Butler sign a Waiver of Trial by Jury and a Plea of Guilty on the record and found Butler guilty of R.C. 2925.11(A) and 2925.11(C)(1)(c). *Id.*, p. 20.

{¶17} The court proceeded to sentencing and Butler made a statement on the record.

{¶18} The court then stated, "[a]fter considering the criteria established in 2929.12, .13 and .14, and all other matters pertinent, including Defendant's criminal history as recited by the State of Ohio, it is the judgment and sentence of this Court as follows: For the offense of aggravated possession of drugs, in violation of Revised Code Section 2925.11(A) and 2925.11 (C)(1)(c), a felony of the second degree, as set forth in

Amended Count 1 of the indictment, the defendant, Larry J. Butler, Jr., is hereby sentenced to serve an indefinite prison term, the minimum of which is six years, and the maximum of which is nine years in a state penal institution. The minimum portion of that prison term is mandatory." *Trial Transcript*, pp. 24, 25.

**{¶19}** Based upon this Court's independent review of the record, we find that the trial court did not err in accepting Butler's plea. This Court also finds that Butler was sentenced within the statutory range. We find no arguably meritorious issues exist with respect to whether Butler's sentence was contrary to law.

## CONCLUSION

**{¶20}** After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders.* Attorney Todd W. Barstow's motion to withdraw as counsel for Butler is hereby granted. The judgment of the Coshocton County Court of Common Pleas is affirmed.

**{¶21}** Costs to Appellant.

By: Montgomery, J.

Baldwin, P.J. and

Gormley, J. concur.